|  | IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA |
|---|---|
| **MICHAEL DIPETRILLO,** | CASE NO.: 19-CA- |
|  | FLA BAR NO.: 0739685 |
| Plaintiff, |  |
| **PUBLIX SUPER MARKETS, INC.** |  |
| Defendant. |  |
| _____/ |  |

## COMPLAINT

Plaintiff, MICHAEL DIPETRILLO, hereby sues Defendant, PUBLIX SUPER MARKETS, INC., and alleges:

## NATURE OF THE ACTION

1. This is an action under 42 U.S.C. § 1981 for race discrimination in employment and 42 U.S.C. §1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs.

2. This action involves claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, MICHAEL DIPETRILLO, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of his race.

4. At all times pertinent hereto, Defendant, PUBLIX SUPER MARKETS, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

**CONDITIONS PRECEDENT**

5.     Plaintiff has satisfied all conditions precedent to bringing this action if any.

**STATEMENT OF THE ULTIMATE FACTS**

6.     Plaintiff, a white male, began his employment with Defendant on October 01, 2009 and held the position of Pharmacist at the time of his wrongful termination on November 05, 2015.

7.     Plaintiff held a stellar work record and had never been reprimanded by this employer. Plaintiff was subjected to a hostile work environment, disparate treatment, different terms and conditions of employment and held to a different standard because of his race (white).

8.     The mistreatment came at the hands of specifically without limitation Pharmacy Supervisor Stan Rouse, a black male.

9.     On or around October 2015, Plaintiff had an emergency with his one year old son that required him to immediately leave the pharmacy.

10.     Plaintiff received no formal training for emergency situations that required leaving the pharmacy and was unaware of any set rules he agreed to upon hire that would result in his termination if he left the pharmacy in the event of an emergency.

11.     At no time was the Plaintiff informed by Defendant that if he had to leave the pharmacy grounds, he was required to close it down and not complying would result in immediate termination.

12.     Prior to the emergency, Plaintiff had left the pharmacy grounds for different reasons, specifically but not limited to making private phone calls, and was never reprimanded.

13. On the day of the emergency, Plaintiff left the pharmacy at approximately 11 a.m. Two pharmacy technicians remained at the pharmacy for the duration of Plaintiff's absence. Plaintiff returned approximately twenty (20) minutes later.

14. On or around late October 2015, Defendant informed Plaintiff he was under review for leaving the pharmacy.

15. On November 5, 2015, Plaintiff came into the pharmacy and was put on leave without pay indefinitely. At that time, he saw his position had been filled by a black female pharmacist and he was fired shortly thereafter.

16. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

17. Paragraphs 1-16 above are re-alleged and incorporated herein by reference.

18. This count sets forth a claim against Defendant Brown for race discrimination brought under 42 U.S.C. §1981.

19. Defendant operated to violate Plaintiff's rights to be free from race discrimination under 42 U.S.C. §1981. These violations were of the type and character as to which any reasonable person would be aware.

20. Plaintiff's right to equal treatment under the law were violated by Defendant.

21. Defendant took action against Plaintiff because of his race and caused him to be fired.

22. The foregoing actions of Defendant were willful, wanton and in reckless disregard of Plaintiff's rights.

23. As a direct and proximate result of Defendant's actions set forth herein, Plaintiff has been injured and has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with other tangible and intangible damages. These damages have occurred in the past, and are permanent and continuing. Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate;

(g) award Plaintiff punitive damages against Defendant; and

(h) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 31st day of July 2019.

                                        Respectfully submitted,

                                        /s/ Marie A. Mattox
                                        Marie A. Mattox [FBN 0739685]
                                        MARIE A. MATTOX, P. A.
                                        203 North Gadsden Street
                                        Tallahassee, FL 32301
                                        Telephone:  (850) 383-4800
                                        Facsimile:   (850) 383-4801
                                        marie@mattoxlaw.com
                                        Secondary emails:
                                        marlene@mattoxlaw.com
                                        michelle@mattoxlaw.com

                                        ATTORNEYS FOR PLAINTIFF